*Randal S. Mashburn*
U.S. Bankruptcy Judge

Dated: 12/23/2015



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:15-9031 |
| CAPSTONE PEDIATRICS, PLLC, ) | Chapter 11 |
| ) | Judge Randal S. Mashburn |
| Debtor. ) | |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL,
GRANTING ADEQUATE PROTECTION, AND SETTING FINAL HEARING**

This matter is before the Court on the Debtor's *Expedited Motion for Entry of Order Authorizing Use of Cash Collateral* (the "Motion") (Docket No. 7) pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. § 363(c)(2)(B).

**LOCAL RULE 2081-1 NOTICE**

Pursuant to Local Rule 2081-1(f), the Debtor provided notice of the following relief in the Motion:

1. *Granting a prepetition creditor a lien or security interest in post-petition assets in which the creditor does not have a security interest by virtue of its prepetition security agreement, other than replacement liens in the same kind of collateral the creditor had prepetition*. See Paragraph 16 of the Motion.

2. *Granting surcharge or "carve-out" rights to professionals or any restrictions (other than court approval) on the surcharge or carve-out rights granted to professionals—for example, a restriction on investigation or pursuit of causes of action against a lender or secured creditor.* See Budget, Docket No. 19, as amended by the budget ("Budget") attached hereto as Exhibit A.

3. *Findings, conclusions or holdings as to the amount of a debt or the validity, priority or extent of a lien or security interest that purport to affect the rights of any entity other than the debtor-in-possession and the creditor.* For purposes of the Motion, the Debtor does not dispute the validity or

extent of liens in favor of Newtek, Eddie Hamilton, or McKesson Corporation with respect to cash collateral (as that term is defined in 11 U.S.C. § 363(a)). *See* Pages 2 and 3 of the Motion.

4. *Payment of prepetition wages, salary or other compensation to any insider*. The Debtor has requested to pay wages and benefits as contained in the *Expedited Motion for Authorization to Pay Prepetition Wages, Compensation and Employee Benefits* (Docket No. 10).

## CONCLUSIONS

The Court has considered the Motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, the Court hereby finds and orders as follows:

1. The Motion is GRANTED as set forth herein.

2. The Debtor is authorized to use cash collateral in accordance with the Budget. The amounts contained in the Budget are necessary to avoid immediate and irreparable harm to the estate, as required by Bankruptcy Rule 4001(b)(2).

3. Any secured creditor holding a valid and perfected lien against the Debtor's cash collateral prior to the petition date shall continue to retain such lien on the Debtor's cash collateral acquired after the petition date.

4. Nothing in this Order is intended to determine whether any creditor has a valid or perfected lien on the Debtor's cash collateral, and further nothing in this Order is intended to determine the order of priority of any lien.

5. A final hearing on the Motion, to include a determination of the validity, perfection, and priority of any purported holder of a lien on the Debtor's cash collateral, is scheduled for February 2, 2016, at 9:00 a.m. in Courtroom 1, Customs House, 701 Broadway, Nashville, Tennessee 37203.

6. Any objection to the Motion, or to the Debtor's proposed order granting the use of cash collateral (*see* Docket No. 7-1), shall be filed by January 26, 2016. Failure to file a timely objection shall constitute a waiver of the right to oppose the relief sought in the Motion.

7. A copy of this Order shall be served on the Office of the United States Trustee, the Debtor's twenty largest unsecured creditors, the Debtor's secured creditors, all parties who assert an interest in the Debtor's cash collateral, and all parties submitting to electronic service in this case.

8. Service of this Order as ordered above satisfies the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the Local Bankruptcy Rules.

IT IS SO ORDERED.

---

THIS ORDER WAS SIGNED AND ENTERED
ELECTRONICALLY AS INDICATED AT THE TOP OF THIS PAGE.

---

APPROVED FOR ENTRY:

/s/ Griffin S. Dunham
Griffin S. Dunham
Elliott Warner Jones
EMERGE LAW, PLC
2021 Richard Jones Road, Suite 240
Nashville, Tennessee 37215
615.953.2682
615.953.2955 (fax)
griffin@emergelaw.net
*Counsel for the Debtor*

# EXHIBIT A

**Capstone Pediatrics & Affiliate**
**Income Statements - Cash Basis**
**For Five Months Ending May 31, 2016**

| | Jan-2016 | | Feb-2016 | | Mar-2016 | | Apr-2016 | | May-2016 | |
|---|---:|---:|---:|---:|---:|---:|---:|---:|---:|---:|
| | $ | % | $ | % | $ | % | $ | % | $ | % |
| **Net revenues** | | | | | | | | | | |
| Patient revenues | $ 1,033,884 | - | $ 1,085,578 | - | $ 1,137,272 | - | $ 1,085,578 | - | $ 1,085,578 | - |
| **Total net revenues** | $ 1,033,884 | 100.0 | $ 1,085,578 | 100.0 | $ 1,137,272 | 100.0 | $ 1,085,578 | 100.0 | $ 1,085,578 | 100.0 |
| **Operating expenses** | | | | | | | | | | |
| Salaries & wages | | | | | | | | | | |
|    Provider - MD | 290,813 | 28.1 | 193,875 | 17.9 | 193,875 | 17.0 | 193,875 | 17.9 | 193,875 | 17.9 |
|    Provider - NP | 153,703 | 14.9 | 153,703 | 14.2 | 153,703 | 13.5 | 153,703 | 14.2 | 153,703 | 14.2 |
|    Clinical | 86,328 | 8.3 | 86,328 | 8.0 | 86,328 | 7.6 | 86,328 | 8.0 | 86,328 | 8.0 |
|    Admin | 225,174 | 21.8 | 202,393 | 18.6 | 202,393 | 17.8 | 202,393 | 18.6 | 202,393 | 18.6 |
| Total salaries & wages | 756,018 | 73.1 | 636,299 | 58.6 | 636,299 | 55.9 | 636,299 | 58.6 | 636,299 | 58.6 |
| Payroll taxes & benefits | | | | - | | - | | - | | - |
|    Payroll taxes | 58,023 | 5.6 | 48,864 | 4.5 | 48,864 | 4.3 | 48,864 | 4.5 | 48,864 | 4.5 |
|    Insurance | 30,716 | 3.0 | 27,970 | 2.6 | 27,970 | 2.5 | 27,970 | 2.6 | 27,970 | 2.6 |
|    401k | 5,891 | 0.6 | 5,891 | 0.5 | 5,891 | 0.5 | 5,891 | 0.5 | 5,891 | 0.5 |
| Total payroll taxes & benefits | 94,630 | 9.2 | 82,725 | 7.6 | 82,725 | 7.3 | 82,725 | 7.6 | 82,725 | 7.6 |
| Salary wages & benefits | 850,648 | 82.3 | 719,024 | 66.2 | 719,024 | 63.2 | 719,024 | 66.2 | 719,024 | 66.2 |
| Facility rent | 113,075 | 10.9 | 113,075 | 10.4 | 113,075 | 9.9 | 79,730 | 7.3 | 79,730 | 7.3 |
| Vaccines | 25,000 | 2.4 | 25,000 | 2.3 | 25,000 | 2.2 | 25,000 | 2.3 | 25,000 | 2.3 |
| Medical supplies | 14,257 | 1.4 | 14,257 | 1.3 | 14,257 | 1.3 | 14,257 | 1.3 | 14,257 | 1.3 |
| Billing and software costs | 100,000 | 8.6 | 92,817 | 8.6 | 97,237 | 8.6 | 92,817 | 8.6 | 92,817 | 8.6 |
| Telephone | 7,510 | 0.7 | 7,510 | 0.7 | 7,510 | 0.7 | 7,510 | 0.7 | 7,510 | 0.7 |
| Managed IT services | 7,608 | 0.7 | 7,608 | 0.7 | 7,608 | 0.7 | 7,608 | 0.7 | 7,608 | 0.7 |
| Network communication | 19,992 | 1.9 | 19,992 | 1.8 | 19,992 | 1.8 | 19,992 | 1.8 | 19,992 | 1.8 |
| Marketing & advertising | - | - | - | - | - | - | - | - | - | - |
| Insurance - malpractice | 6,627 | 0.6 | 6,627 | 0.6 | 6,627 | 0.6 | 6,627 | 0.6 | 6,627 | 0.6 |
| Insurance - other | 5,869 | 0.6 | 5,869 | 0.5 | 5,869 | 0.5 | 5,869 | 0.5 | 5,869 | 0.5 |
| Legal fees | 6,000 | 0.6 | 6,000 | 0.6 | 6,000 | 0.5 | 6,000 | 0.6 | 6,000 | 0.6 |
| Answering service | 6,461 | 0.6 | 6,461 | 0.6 | 6,461 | 0.6 | 6,461 | 0.6 | 6,461 | 0.6 |
| Janitorial cleaning service | 6,200 | 0.6 | 6,200 | 0.6 | 6,200 | 0.5 | 6,200 | 0.6 | 6,200 | 0.6 |
| Courier service | 2,820 | 0.3 | 2,820 | 0.3 | 2,820 | 0.2 | 2,820 | 0.3 | 2,820 | 0.3 |
| Management consultants | 6,509 | 0.6 | 6,509 | 0.6 | 6,509 | 0.6 | 6,509 | 0.6 | 6,509 | 0.6 |
| Utilities | 7,087 | 0.7 | 7,087 | 0.7 | 7,087 | 0.6 | 7,087 | 0.7 | 7,087 | 0.7 |
| Repairs & maintenance | 3,017 | 0.3 | 3,017 | 0.3 | 3,017 | 0.3 | 3,017 | 0.3 | 3,017 | 0.3 |
| Equipment lease | 500 | 0.0 | 500 | 0.0 | 500 | 0.0 | 500 | 0.0 | 500 | 0.0 |
| Travel, meals & entertainment | 300 | 0.0 | 300 | 0.0 | 300 | 0.0 | 300 | 0.0 | 300 | 0.0 |
| Bank charges | 200 | 0.0 | 200 | 0.0 | 200 | 0.0 | 200 | 0.0 | 200 | 0.0 |
| Credit card service charges | 650 | 0.1 | 650 | 0.1 | 650 | 0.1 | 650 | 0.1 | 650 | 0.1 |
| Provider training and education | 2,833 | 0.3 | 2,833 | 0.3 | 2,833 | 0.2 | 2,833 | 0.3 | 2,833 | 0.3 |
| Office supplies | 2,279 | 0.2 | 2,279 | 0.2 | 2,279 | 0.2 | 2,279 | 0.2 | 2,279 | 0.2 |
| Provider dues & membership | 927 | 0.1 | 927 | 0.1 | 927 | 0.1 | 927 | 0.1 | 927 | 0.1 |
| Provider licenses & fees | 2,375 | 0.2 | 2,375 | 0.2 | 2,375 | 0.2 | 2,375 | 0.2 | 2,375 | 0.2 |
| Credentialing software | 1,111 | 0.1 | 1,111 | 0.1 | 1,111 | 0.1 | 1,111 | 0.1 | 1,111 | 0.1 |
| Document storage | 6,577 | 0.6 | 6,577 | 0.6 | 6,577 | 0.6 | 6,577 | 0.6 | 6,577 | 0.6 |
| Document shredding | 934 | 0.1 | 934 | 0.1 | 934 | 0.1 | 934 | 0.1 | 934 | 0.1 |
| Office moving expenses | 1,580 | 0.2 | 1,580 | 0.1 | 1,580 | 0.1 | 1,580 | 0.1 | 1,580 | 0.1 |
| Taxes | 3,275 | 0.3 | 3,275 | 0.3 | 3,275 | 0.3 | 3,275 | 0.3 | 3,275 | 0.3 |
| UST quarterly fees | - | - | - | - | - | - | 9,750 | 0.9 | - | - |
| Newtek adequate protection | 31,852 | 3.1 | 31,852 | 2.9 | 31,852 | 2.8 | 31,852 | 2.9 | 31,852 | 2.9 |
| **Total operating expenses** | 1,244,071 | 119.2 | 1,105,265 | 101.8 | 1,109,685 | 97.6 | 1,081,670 | 99.6 | 1,071,920 | 98.7 |
| **Net operating income/cash flow for debt services** | (210,187) | (19.2) | (19,687) | (1.8) | 27,588 | 2.4 | 3,908 | 0.4 | 13,658 | 1.3 |
| **Other Income** | 212,500 | 20.6 | 204,000 | 18.8 | - | - | - | - | - | - |
| **Net income** | $ 2,313 | 1.3 | $ 184,313 | 17.0 | $ 27,588 | 2.4 | $ 3,908 | 0.4 | $ 13,658 | 1.3 |

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.