## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **CAPTSTONE PEDIATRICS, PLLC,** | ) | Bk Case No. 3:15-09031 |
| | ) | Chapter 11 |
| Debtor. | ) | Judge Randal S. Mashburn |
| | ) | |

## UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO A CASE UNDER CHAPTER 7.

The United States Trustee, Region 8, (the "U.S. Trustee") hereby moves the Court for an order pursuant to 11 U.S.C. § 1112(b)(1) converting Debtor Capstone Pediatrics, PLLC's ("Debtor") case to one under Chapter 7, or alternatively, dismissing the case. This motion is excluded from Local Rule 9013 and, pursuant to 11 U.S.C. § 1112(b)(3), the U.S. Trustee requests a hearing date at the Court's earliest available date and time no more than 30 days from the date of the filing of this Motion.[1] In support of this Motion, the U.S. Trustee asserts as follows:

## I.       JURISDICTION

1.        This Court has jurisdiction to hear and determine this Motion pursuant t o 28 U.S.C. § 157(b)(2)(A).

2.        Pursuant to 28 U.S.C. § 586(a)(3)(G), the U.S. Trustee is charged with monitoring the progress of cases under the Bankruptcy Code and taking such actions as the U.S. Trustee deems appropriate to prevent undue delay in such progress. The U.S. Trustee has

---

[1] Should the Court grant unsecured creditor Athenahealth, Inc.'s ("Athena') pending motion for relief from stay which is set for hearing on April 3, 2018 at 9:00 a.m., Debtor's operations and ability to continue as a going concern will likely cease, necessitating an immediate need to have the Court consider the instant Motion so that if court determines that cause exits to convert the case and that conversion is in the best interests of creditors, a chapter 7 trustee may immediately be appointed to preserve assets and allow for an orderly shutdown. Therefore, the U.S. Trustee anticipates filing an Emergency Motion for Expedited Hearing on this Motion immediately if the Court grants Athena's Motion.

1

standing to be heard on this Motion pursuant to 11 U.S.C. § 307.

## II.     FACTS

1.     More than two years ago, on December 18, 2015, Debtor filed a bankruptcy petition seeking relief under Chapter 11 of the Bankruptcy Code.

2.     Debtor is currently seeking confirmation of its First Amended Plan of Reorganization (Docket No. 410) (the "First Amended Plan") which Debtor filed on May 2, 2017, and supplemented on September 26, 2017 (Omnibus Amended Plan of Reorganization [D.E. 514-1]), January 16, 2018 (Notice of Second Amendment to Debtor's Second Amended Plan [D.E. 557]), January 22, 2018 (Notice of Third Amendment to Debtor's First Amended Plan [D.E.561]), January 25, 2018 (Agreed Order Resolving Athenahealth Objection to Confirmation of Debtor's Plan of Reorganization [D.E. 566]), and January 29, 2018 (Proposed Confirmation Order Clarifying Treatment of SNH Medical Properties and HCA Pursuant to Announcement of Counsel [D.E. 571]) (collectively the First Amended Plan and each of its supplements are referred to herein as the "Plan").

3.     The U.S. Trustee has filed an objection to confirmation of the Plan for essentially the same reasons stated herein which are cause for conversion or dismissal, namely the substantial or continuing loss to, or diminution of, the estate and the absence of a reasonable likelihood of rehabilitation, gross mismanagement and failure to timely pay post-petition taxes. *See* [D.E. 572 and 593].

4.     The hearing on confirmation of the Plan, originally set for February 6, 2018, and continued five times, is currently set for April 10, 2018, at 9 a.m.

5.     On January 5, 2017, Athena filed a Motion for Stay Relief [D.E. 304] ("Athena's Motion"), arguing that Debtor had defaulted on its payment obligations to Athena. The parties

resolved Athena's Motion by agreed order, continuing a hearing on Athena's Motion indefinitely subject to the motion being reset on an expedited basis upon Debtor's default of its payment obligations and the filing of a notice of default. *See* [D.E. 419].

6.     On March 21, 2018, Athena filed a Notice of Default and Cure Period for Termination of Services noticing Debtor's default in the amount of $248,500 [D.E. 591].

7.     On March 28, 2018, Athena filed its Expedited Motion for Expedited Hearing on Motion for Relief from Stay [D.E. 597]. The hearing on Athena's Motion is currently set for April 3, 2018 at 9 a.m.

8.     In addition to Debtor's default of its obligations to Athena, Debtor has also defaulted on its payroll obligations. *See* a copy of a Report prepared by Debtor Capstone Pediatrics, PLLC ("Capstone") that shows all payroll checks that it issued to employees that were either returned or dishonored between August, 2017 and January, 2018. *See* **Exhibit 1** to The U.S. Trustee's Supplemental Objection to the Entry of Debtor's [Proposed] Order Confirming Debtor's Plan of Reorganization [D.E. 593].

9.     Debtor's latest Monthly Operating Report shows that Debtor is unable to both pay down its obligations to the IRS for overdue payroll taxes and stay current on current payroll tax obligations. *See* February Monthly Operating Report at [D.E. 590].

10.     The IRS' most recent updated proof of claim shows that through the 3rd Quarter of 2017, Debtor owes $1,654,826.07, including penalties and interest, in post-petition tax obligations (the "IRS Claim"). *See* IRS Proof of Claim 52-10.

11.     After more than two years in bankruptcy, Debtor's Monthly Operating Reports show that Debtor is averaging a negative cash flow.

12.     Debtor's Plan requires a payment of the IRS' Claim and all other priority claims on the effective date.   As Debtor currently stands, it will be unable to satisfy the payment of priority claims as required by the Plan and 11 U.S.C. § 1129(a)(9) without a significant influx of revenue. Although Debtor believes that it may be entitled to a performance bonus from the State of Tennessee that would be awarded in June, 2018, and may allow it to make this payment, it is wholly uncertain whether it will even be awarded the bonus and if so, in what amount and when it would receive the payment  (the "Performance Bonus").  Unfortunately, in this case, if Athena terminates its services to Debtor, payment of a sufficient Performance Bonus will be too late.

## III.     CONVERSION TO CHAPTER 7 IS IN THE BEST INTEREST OF CREDITORS.

1.     Section 1112(b)(1) provides, in pertinent part that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, *for cause*...." 11 U.S.C. §1112(b)(1).  Section 1112(b)(4) provides a non- exclusive list of circumstances that constitute "cause" for conversion or dismissal. *In re Fall*, 405 B.R. 863, 867 (Bankr. N.D. Ohio 2009), including: (1) substantial or continuing loss to, or diminution of, the estate and the absence of a reasonable likelihood of rehabilitation, (2) gross mismanagement, and (3) failure timely to pay taxes owed after the date of the order for relief.  *See* 11 U.S.C. §§ 1112(b)(4)(A), (B), (I).  Each of these circumstances is present in this case.

2.     Once a party demonstrates that cause exists to convert or dismiss the case under § 1112(b), a court is required to dismiss or convert the case unless the court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate...." 11 U.S.C. § 1112(b)(2).   *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 63 (B.A.P. 6th Cir. 2013).  By its own terms, § 1112(b)(2) provides

4

that the "unusual circumstances" exception does not apply if the cause for dismissal or conversion is a "substantial or continuing loss to or diminution of the estate," as set forth in § 1112(b)(4)(A). *Id.*

3.      As set forth below cause exists to convert or dismiss this case, and conversion is in the best interests of creditors.

**A.      Debtor has Incurred Continuing Losses and Does Not have a Reasonable Likelihood of Rehabilitation.**

1.      Cause exists for conversion to chapter 7 or dismissal pursuant to 11 U.S.C. § 1112(a)(4)(A) because Debtor has incurred substantial or continuing losses and does not have a reasonable likelihood of rehabilitation.  Courts interpreting this section have found that cause for conversion or dismissal exists, where like here, the debtor lacks a "profitable core around which to restructure a plan of reorganization." *In re Macon Prestressed Concrete Co.*, 61 B.R. 432, 436 (Bankr.M.D.Ga.1986).  *See also In re Brutsche*, 476 B.R. 298 (Bankr. D.N.M.2012). (finding cause for conversion to chapter 7 where individual Chapter 11 debtor whose business of developing and selling upscale real estate was gone, following entry of bankruptcy court orders that lifted stay to allow creditors to exercise their rights in debtor's real estates, and who, at best, could possibly confirm liquidation/litigation plan, by which he sold his other assets and pursued litigation to generate funds to pay creditors, did not have "reasonable likelihood of rehabilitation," for case dismissal/conversion purposes, especially where debtor's hopes of selling remaining assets and successfully pursuing causes of action for sum sufficient to pay his creditors appeared to be speculative at best.)

2.      Debtor's monthly operating reports show that throughout the last 2 years and 3 months, Debtor is averaging a negative cash flow.  Debtor has on numerous occasions dishonored payroll checks and failed to timely pay its post-petition payroll taxes.  Debtor had incurred

$1,654,826.07, including penalties and interest, in overdue post-petition taxes. *See* IRS Proof of Claim 52-10. Debtor essentially funded the instant bankruptcy case at the expense of the IRS and other creditors, and Debtor's latest Monthly Operating Reports and Athena's Motion show that Debtor cannot consistently pay down its obligations to the IRS and stay current on current payroll tax obligations and payments to Athena, let alone make a lump sum payment to its priority claimants on the proposed effective date. *See* February Monthly Operating Report at [D.E. 590] and Athena's Motion. Debtor's finances indisputably show that Debtor has no reasonable likelihood of rehabilitation.

3.          Moreover, if the Court grants Athena relief from the automatic stay and Athena terminates services to Debtor, Debtor's operations will likely cease. Under these circumstances, there will be no business to rehabilitate and conversion will be in the best interests of creditors.

4.          Debtor's speculative right to an undetermined Performance Bonus with an unknown pay date is simply not enough to overcome the overwhelming evidence that the Debtor lacks a reasonable likelihood of rehabilitation, and that conversion is in the best interest of creditors.

## B.      <u>Debtor is grossly mismanaged</u>.

1.          Debtor's management has grossly mismanaged Debtor, and the oversight of a chapter 7 trustee is necessary to protect the best interests of creditors.

2.          The factors used to determine gross mismanagement vary depending on the facts of the case, but often include elements that hint at fraud, in addition to negligence, *see In re Products of Am., Inc.,* 102 B.R. 666, 676, 1989 WL 81213 (Bankr. W.D. Tenn. 1989) (internal citation omitted), and include the failure to pay employee taxes. *See In re Products Int'l Co.*, 395 B.R. 101, 111 (Bankr. D. Ariz. 2008) (identifying debtor's failure to pay employee and corporate

Case 3:15-bk-09031    Doc 605    Filed 04/02/18    Entered 04/02/18 16:58:20    Desc Main
Document      Page 6 of 9

taxes postpetition as gross mismanagement).

3.      As recently as the 3rd quarter of 2017, management has failed to timely pay its payroll taxes, and as recently as February, Debtor has dishonored numerous employee payroll checks.[2]

4.      Management blames the dishonoring of checks on the sweep of its accounts by pre- and post- petition creditor Newtek and the timing of the Newtek's subsequent advances - - not on an inability to pay.  If this is true, then Management, either fails to recognize the necessity of, or is purposefully avoiding, opening and operating a designated payroll account into which sufficient funds can be deposited to cover all payroll obligations.   In doing so, management is grossly mismanaging Debtor to the detriment of its employees and all creditors whose chances of recovery, albeit unlikely, diminish with the increase in administrative priority claims.

## C.      **Debtor has Failed to Timely Pay Post-Petition Taxes.**

1.      Yet another basis for the Court to find cause for conversion is Debtor's failure to timely pay its post-petition taxes. 11 U.S.C. §1112(a)(4)(I).  As of January 3, 2018, Debtors owe $1,654,826.07 to the IRS for taxes, including penalties and interest, incurred post-petition.  *See* IRS proof of Claim 52-10; Debtor's Amended Disclosure Statement to Accompany Debtor's First Amended Plan of Reorganization [D.E. 411] at § 1.03 wherein Debtor admits to post-petition tax liabilities, and Agreed Order Granting Debtor's Expedited Motion for Order Approving DIP Financing Pursuant to 11 U.S.C. Section 364 [D.E. 511] at pgs. 3-5, ¶ 8-12.  Debtor's failure to pay post-petition taxes alone supports a finding of cause to convert case to a case under chapter 7.

## D.      **Conversion is in the Best Interest of Creditors**

1.      Section 112(b)(1) provides, in pertinent part that "on request of a party in interest,

---

[2] The latest proof of claim filed by the IRS filed on January 3, 2018, only reports through the 3rd Quarter of 2017. The U.S. Trustee has not received an update regarding dishonored payroll checks for the month of March.

and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, *for cause....*" 11 U.S.C. §1112(b)(1). "Once cause is found, the burden shifts to the opposing party to show why dismissal or conversion would not be in the best interests of the estate and the creditors." *In re Korn*, 523 B.R. 453, 464 (Bankr. E.D. Pa. 2014) (internal citations omitted). Here, the potential of avoidance actions that may not otherwise be available outside of bankruptcy that a chapter 7 trustee may pursue supports a finding that conversion is in the best interests of creditors.

## IV.  CONCLUSION

1.      In light of the foregoing, cause exists pursuant to 11 U.S.C. §1112(a)(4)(A), (B) and (I) to dismiss or convert the case to a case under chapter 7,  and because conversion is in the best interests of creditors, the U.S. Trustee respectfully requests that the Court grant his Motion and convert the case to a case under chapter 7.  If the Court determines that dismissal instead of conversion is in the best interests of creditors, the U.S. Trustee requests that the Court instead dismiss the case.

2.      Debtor has been in bankruptcy for more than two years and is operating on average at a net loss, and will cease doing business altogether should Athena cease its services to Debtor.  Debtor is continuing to dishonor employee payroll checks and has incurred substantial and insurmountable post-petition tax obligations.  Two years is more than enough time in a chapter 11 case to allow Debtor the necessary breathing room to reorganize its affairs, yet Debtor's financial position is woefully inadequate.  Debtor's hope that the State of Tennessee will award it a payment of a Performance Bonus in an amount of more than $1,654,826.07 at some time in the future is speculative at best, and insufficient prevent further hemorrhaging of Debtor's bankruptcy

Case 3:15-bk-09031    Doc 605    Filed 04/02/18    Entered 04/02/18 16:58:20    Desc Main
Document      Page 8 of 9

estate especially if the Court grants Athena's Motion on April 3, 2018, and Athena terminates its services shortly thereafter.

WHEREFORE, the U.S. Trustee respectfully requests that the Court enter an Order converting Debtor's case, or alternatively to dismissing Debtor's case. The U.S. Trustee also requests such other relief as the Court deems appropriate.

Respectfully submitted,

SAMUEL K. CROCKER
UNITED STATES TRUSTEE, REGION 8

/S/ NATALIE M. COX, (NV #7662)
Natalie M. Cox, Trial Attorney
Office of the United States Trustee
318 Customs House, 701 Broadway
Nashville, TN  37203
Telephone: (615) 736-2254
Fax: (615) 736-2260
Email: Natalie.Cox@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on April 2, 2018, a copy of the foregoing document was transmitted electronically to the parties consenting to electronic service in this case through the ECF system maintained by the United States Bankruptcy Court for the Middle District of Tennessee.

/s/ Natalie M. Cox
Natalie M. Cox, Esq., Trial Attorney